49040, 49041. MOORE-HANDLEY, INC. et al. v. WILKES; and vice versa.

DEEN, Judge.

Wilkes was injured when a passenger in a truck owned by Moore-Handley, Inc. and driven by its employee Roy Pack, on October 31, 1971. The case has not yet been tried. According to an affidavit in the record the corporate defendant or its insurer has a recording of a statement made by Pack "conducted by the insurance adjuster immediately following the collision" which is the basis of the lawsuit; plaintiff wishes to take Pack's deposition, and "the statements made by defendant immediately after the collision would tend to refresh" his memory. At some unspecified time a written statement of about one and a half pages was taken from Pack by the plaintiff's attorney. Each side sought the statement in the possession of the other while refusing to part with its own. Various motions were presented to the trial court, who ruled that both sides comply by furnishing the requested statements of Roy Pack to the other, the court being "of the opinion that the purpose of the discovery rules requires both parties to make a full disclosure and that it is equitable that this be done as ordered above." Each side has excepted to the portion of the order adverse to it. *Held:*

1. Considering first the cross appeal, Code § 81A-126 (b) (3) specified: "A party may obtain, without the required showing, a statement concerning the action or its subject-matter previously made by that party." Roy Pack had an absolute right to demand a copy of the statment made by him to the plaintiff's attorney, and the

court properly directed that it be turned over to him.

2. Ga. L. 1972, pp. 510, 525 et seq. completely replaced Code Ann. §§ 81A-126 and 81A-134 in order to conform them to their amended counterparts in the Federal Rules of Civil Procedure. In so doing the "good cause" requirement of former Code Ann. § 81A-134 was omitted, and Code Ann. § 81A-126 (b) (3) to some extent changes the "work product" rule. As stated in 4 Moore's Federal Practice, p. 26-416, § 26-64[3]: "Under the new language, however, there will be no technical distinction between materials prepared by the attorney in the case and those that are prepared by a claim agent, insurer, or other agent of the party, or by the party himself. Insofar as the 'work product' doctrine is concerned, each will be judged upon the need to protect the privacy of the mental impressions, conclusions, opinions, or legal theories, of the attorney or other representative of the party." The mere fact that the statement is taken "with an eye to litigation" does not automatically insulate it as "work product." *Ford Motor Co. v. Hanley,* 128 Ga. App. 311 (1) (196 SE2d 454). Code Ann. § 81A-126 (b) (1) provides that parties may obtain discovery regarding any matter not privileged relevant to the subject matter involved, and the fact that the information sought will be inadmissible on the trial is no ground for objection if it appears reasonably calculated to lead to the discovery of admissible evidence, this language being retained from Ga. L. 1966, Sec. 26 (b), pp. 609, 635. However, Code Ann. § 81A-126 (b) (3) provides, under the Act of 1972, supra, that documents otherwise discoverable under subsection (b) (1) prepared in anticipation of litigation by the other party's representative, including his attorney *or* insurer among others, may be successful only on a showing that the movant "has substantial need of the materials in the preparation of his case and that he is unable without undue hardship to obtain the substantial equivalent of the materials by other means." We think this shift of emphasis has been due, among other things, to a feeling that it is too narrow a distinction on which to hinge ultimate disclosure whether the statement of, say, an eyewitness to a collision was taken by a claims adjuster or a lawyer where it might with equal effect have been

taken by either. The real purpose of subsection 26 (b) (3) is to protect the mental impressions, conclusions and theories of persons engaged in preparing the litigation. It is obvious that such a view retains the wide range of judicial discretion which we have always read into this procedure, particularly since subsection (3) (c) indicates many types of protective orders which are available to the trial court where objection is made to divulging material on the ground that it was prepared in anticipation of litigation, including limiting the scope of disclosure, conducting the proceedings in camera, or by means of sealed depositions, or by simultaneous filing of documents by both parties, etc. Code Ann. § 81A-126 (c). "It is contemplated that the trial court will exercise a sound and legal discretion in the grant or denial of protective orders." *Travis Meat &c. Co. v. Ashworth,* 127 Ga. App. 284, 288 (193 SE2d 166). The position of the appellant defendant here does not appear to be that the recording of the event sought by the plaintiff contains "work product" matter in the form of opinion or theory that should not be divulged, but simply that it has an absolute right to demand Pack's statement from the plaintiff but to refuse to surrender Pack's statement to it because the plaintiff has not shown substantial need or undue hardship. As to need, this has been dealt with in a number of Federal cases, the tenor of which is that a statement taken reasonably contemporaneously with the event is unique in constituting an immediate impression of the facts, and that it cannot be duplicated at a later time where memory alone is relied upon. See Brown v. New York, N. H. &c. R. Co., 17 FRD 324; Guilford Nat. Bank v. Southern R. Co., 297 F2d 921.

In the present case the trial court obviously felt that an exchange by the litigants of the driver's statements to the respective sides was warranted. We find nothing in the record to indicate that this decision was an abuse of discretion. Based on the assumption that the statement by Pack to his employer's insurer is more detailed and is probably earlier in point of time, we find no cause for reversal.

*Judgments affirmed. Hall, P. J., and Stolz, J., concur.*

SUBMITTED FEBRUARY 11, 1974 — DECIDED FEBRUARY 21, 1974 — REHEARING DENIED MARCH 13, 1974.

*Nall, Miller & Cadenhead, Lowell S. Fine,* for appellants.

*James E. Hardy, Talmadge Woodman,* for appellee.