50898. CLARKSON INDUSTRIES, INC. v. PRICE.

ARGUED SEPTEMBER 8, 1975 — DECIDED SEPTEMBER 23, 1975.

*Webb, Fowler & Tanner, W. Howard Fowler, J. L. Edmondson,* for appellant.

*G. Hughel Harrison, N. Forrest Montet, David M. Leonard,* for appellee.

DEEN, Presiding Judge.

Appellant relies on the "work product" exception to the otherwise broad scope of discovery envisioned by Code Ann. § 81A-126 (b) (1). The work product doctrine stems from Hickman v. Taylor, 329 U. S. 495 (67 SC 385, 91 LE 451), in which the United States Supreme Court refused to require discovery of statements of witnesses obtained by an attorney after a claim arose but prior to litigation. Under our former discovery law, Code Ann. § 38-2101 et seq., it was held that "work product" included *oral* statements taken by an attorney from witnesses. *Setzers Super Stores of Ga. v. Higgins,* 104 Ga. App. 116 (121 SE2d 305).

Our present law on discovery is to be found in Ga. L. 1972, p. 510, et seq. (Code Ann. § 81A-126, et seq.) which completely replaced the old Civil Practice Act provisions in order to conform them to their amended counterparts in the Federal Rules of Civil Procedure. The legislative intent clearly appears ". . . to comprehensively and exhaustively *redefine, modernize and supersede* the provisions relating to depositions and discovery and the scope thereof . . ." Ga. L. 1972, p. 510. (Emphasis supplied.)

In conformity with this expression of legislative intent, the courts have consistently given wide latitude to

the discovery process so as to make it as complete as possible. "The broad purpose of the discovery rules, under the Civil Practice Act, is to enable the parties to prepare for trial so that each party will know the issues and be fully prepared on the facts. Discovery is specifically designed to fulfill a two-fold purpose: issue formulation and factual revelation. The use of the discovery process has been held to be broadly construed." *Travis Meat &c. Co. v. Ashworth,* 127 Ga. App. 284, 285, 286 (193 SE2d 166). Thus we have held that *all* statements taken by attorneys are not work product and that the mere fact that the statement is taken "with an eye toward litigation" does not automatically insulate it from discovery as "work product." *Ford Motor Co. v. Hanley,* 128 Ga. App. 311, 313 (1) (196 SE2d 454). Most importantly we have held the real purpose of the "work product" exception to the general broad scope of discovery to be the protection of "the mental impressions, conclusions and theories *of persons engaged in preparing the litigation." Moore-Handley, Inc. v. Wilkes,* 131 Ga. App. 251, 253 (205 SE2d 896). (Emphasis supplied.)

The new discovery statute, as amended, extends the "work product" exception to parties and their representatives such as attorneys, consultants, sureties, indemnitors, insurers or agents. In order to escape discovery under Code Ann. § 81A-126 (b) (3) the documents and tangible things must have been prepared in anticipation of litigation or for trial by or for a party or by or for that party's representative *and* the materials must contain the mental impressions, conclusions, opinions, or legal theories of the person preparing them. If the items sought do not satisfy *both* requirements, they do not constitute "work product" and may be freely discovered. If however, the materials do qualify under this test, the party seeking discovery must show a substantial need of them in preparation of his case and an inability to obtain the substantial equivalent of the materials by others means without undue hardship. If substantial and undue hardship is adequately demonstrated, discovery may be had but the court must protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of the preparer.

In the case sub judice, appellee sought to discover through interrogatories information concerning statements made by witnesses about the accident. Appellant objected that the information sought was not discoverable because it related to appellant's "efforts to prepare for trial." "The burden is on a party served with interrogatories to show to the judge why the questions should not be answered." *Williamson v. Lunsford,* 119 Ga. App. 240, 241 (166 SE2d 622). When the objection goes to the "work product" exception to general discovery, the party served must show that the material sought was prepared by or for the party in anticipation of litigation or trial and that it also contains the mental impressions, conclusions, opinions, or legal theories *of the preparer.* Failure to so demonstrate is a failure to sustain the burden of proving "work product" exception. It cannot be proved by a general objection that the interrogatories seek information concerning efforts to prepare for trial, for the purpose of discovery is "issue formulation and factual revelation." *Travis Meat &c. Co.,* supra. As to whether the statements of witnesses, as are here involved, contain the impressions, observations, opinions and so forth of the preparer, we are persuaded that Scourtes v. Albrecht Grocery Co., 15 FRD 55 (N. D. Ohio 1953) represents the better view, in light of legislative intent and the continuing liberalization of the discovery procedure. It was there held (p. 58): "The *written statement* of a witness, whether prepared by him and later delivered to the [party or his representative], or drafted by the [party or his representative] and adopted by the witness, is not properly considered the 'work product' of [a party or his representative]. It records the mental impressions and observations of the witness himself and not those of the [party or his representative]. On the other hand, [the party or his representative's] recordation of the *oral statement* of a witness is normally a part of his 'work product,' for it will include his analysis and impression of what the witness has told him." (Emphasis supplied.) We therefore held that in order for the *statements of witnesses* to be exempt from the general scope of discovery they must have been orally given to a party or his representative who records it in anticipation of litigation

or trial. Since appellant failed by his objection to demonstrate that the witnesses' statements sought to be discovered constituted "work product" it was not error for the trial judge to overrule the objection.

Since the material was not proved to be "work product" there was no burden on appellee to show substantial need or undue hardship as a prerequisite to discovery. Under Code Ann. § 81A-126 (b) (1) the existence, description, nature, custody, condition and location of any books, documents, or other tangible things and the identity as to location of persons having knowledge of any discoverable matter is within the scope of discovery. This includes an inquiry into the contents of the documents. ". . . [I]nquiry as to the contents of relevant documents comes within the general phrase 'any matter, not privileged, which is relevant to the subject matter involved in the pending action.'" 4 Moore's Fed. Prac., p. 26-217, § 26.58. The questions propounded by appellee were within the scope of acceptable discovery.

Appellant contends that interrogatory number three is objectionable in its entirety because it requires disclosure of its trial preparation, citing Uinta Oil Refining Co. v. Continental Oil Co., 226 FSupp. 495 (D. Utah 1964). The pattern of investigation and exploration is not a proper subject for discovery. The determination however must be based upon relevancy of the interrogatories. In the Uinta Oil case, the contested inquiry went to the names of *all* persons from whom the party, its officers, employees or agents had *taken or requested* statements. This was held too broad. In the case sub judice the inquiry was limited to eyewitnesses and persons with some knowledge of the accident and only names of persons who had made statements were requested. Such an inquiry was relevant to the "subject matter involved in the pending action."

In such interlocutory rulings of the trial court as the sustaining or overruling of objections to interrogatories, the ruling of a trial court judge will be reversed only upon a showing of a clear abuse of discretion. *Johnson v. O'Donnell,* 123 Ga. App. 375 (181 SE2d 291). We find no such abuse of discretion involved here.

*Judgment affirmed. Evans and Stolz, JJ., concur.*