65160. WARMACK v. MINI-SKOOLS LIMITED et al.

Deen, Presiding Judge.

This wrongful death action brought by appellant alleged that the death of her two-year-old son was caused by the negligence of appellees while he was in their care, control and supervision during his brief enrollment at the Mini-Skools day care facility. Appellant's son had died as a result of a head injury, alleged to have been sustained at the facility. The matter proceeded to trial, after which the jury returned a verdict for appellees.

Appellant enumerates as error the following: (1) The trial court erred in excluding two hypothetical questions asked of appellant's medical expert witness; (2) the trial court erred in denying appellant's motion to compel production of documents (written statements or notes) obtained by the claims representative of appellees' insurer shortly after the death of appellant's son. *Held:*

1. Appellant sought to ask the medical expert witness two hypothetical questions which involved assuming that appellant's son had fallen and struck his head on some steps in the day care facility. Appellees objected to the question on the ground that there was no evidence to establish that the child had fallen and struck his head, and the trial court sustained the objection.

The evidence of the causation of the head injury was mainly circumstantial. Testimony of the day care teacher was that at one moment appellant's son had been on the reading loft, and that shortly afterwards he was seen standing in the middle of the stairway (consisting of six to seven steps), holding the right side of his head and crying. Soon afterward, the child became ill, necessitating his early removal from the school that day and eventually hospitalization that

night, when the fractured skull was discovered. No one had actually seen or heard the child fall, and all of the appellees denied that the child had mentioned that he fell. Appellant and her husband, however, testified that appellees informed them that the child may have fallen and bumped his head. Appellant also testified that her son, in explanation of his head injury, had stated that he had been jumping on the steps.

Generally, "[w]here reliance is made upon circumstantial evidence alone for proof of one of the essential facts assumed in the framing of a hypothetical question, the trier of fact may consider the answer to the question only if it has first determined that the assumed fact has been satisfactorily established." *Travelers Ins. Co. v. Hutchens,* 106 Ga. App. 631 (127 SE2d 712) (1962). The trier of fact, and not the court, decides whether the assumed fact is actually proved by the circumstantial evidence. *Shannon v. Kaylor,* 133 Ga. App. 514 (211 SE2d 368) (1974). Nevertheless, it is for the court to decide whether a conclusion assumed is at least supported by the circumstantial evidence before allowing the matter to go to the jury for its determination as to whether the evidence actually established the fact. *Southeastern Fidelity Ins. Co. v. Stevens,* 142 Ga. App. 562 (236 SE2d 550) (1977).

In this case, we are inclined to agree with appellant that the assumed conclusion that the child had fallen and struck his head was sufficiently supported by the circumstantial evidence as to permit jury determination of the factual issue, and subsequent consideration of the hypothetical questions and answers if the jury found the fact to be established. It appears, however, that the exclusion of the two hypothetical questions, if error, was harmless, because of other testimony of the same witness. The medical expert related the medical history of the child, which included appellant's indication that her son had fallen down some steps, and testified that the child's head injury was compatible with that medical history. The desired testimony thus reached the jury otherwise, rendering the exclusion of the hypotheticals harmless. *Wessner v. State,* 236 Ga. 162 (223 SE2d 141) (1976).

2. Appellant's other enumerations of error pertain to the trial court's ultimate denial of her motion to compel discovery. Appellant moved to compel production of any written documents taken or had by a claims representative for the insurer of appellee Mini-Skools Limited, in conjunction with any statements made to him by six employees of the Mini-Skools facility, two of which were defending parties to the action. (The claims representative met with the employees to discuss the situation shortly after the death of appellant's son.) The trial court originally ordered the production of

any written statements of any witnesses which had been prepared by the witness or drafted by a party or his representative and adopted by the witness, but denied the motion regarding any other writings by the claims representative, finding that those documents constituted protected work product within the rule set out by the court in *Clarkson Industries v. Price,* 135 Ga. App. 787 (218 SE2d 921) (1975). Upon the request by counsel of appellees for clarification of the order in regards to a written statement of one of the defending parties, the trial court by letter informed counsel for both parties that such a written statement was protected from discovery under Code Ann. § 81A-126 (b) (3).

Code Ann. § 81A-126 (b) (3) provides that a party may discover documents "prepared in anticipation of litigation or for trial by or for another party or by or for that other party's representative (including his attorney, consultant, surety, indemnitor, insurer, or agent) only upon a showing that the party seeking discovery has substantial need of the materials in the preparation of his case and that he is unable without undue hardship to obtain the substantial equivalent of the materials by other means." The party served with the discovery request must prove the work product exception, i.e., show that the material sought was prepared in anticipation of litigation or trial.

In this case, the trial court correctly refused to order the production of the requested materials. The discussion between the claims representative and the school employees evidently occurred in anticipation of litigation over the death of appellant's son, having been arranged following appellant's husband's contact with the school about any accidental insurance coverage. Under these circumstances, it is difficult not to believe that any statement of a party, either self-written or obtained by the claims representative as a result of this conference, would be imbued with mental impressions, conclusions, opinions, or legal theories, and thus would be protected work product under Code Ann. § 81A-126 (b) (3). Concerning oral statements of witnesses, this court has previously decided that such are protected work product if they "have been orally given to a party or his representative who records it in anticipation of litigation or trial." *Clarkson Industries v. Price,* supra at 790-791. Further, even if the materials denied appellant in this case did not contain mental impressions, opinions, legal theories, etc., as work product, they still were not subject to discovery unless appellant showed substantial need and undue hardship in obtaining the substantial equivalent of the materials.

We agree with the trial court that appellant simply failed to show undue hardship in obtaining the substantial equivalent of the materials. Appellant obtained extensive interrogatories and lengthy

depositions from the defending parties and other witnesses; if appellant did not inquire into the same matters as the claims representative, certainly she had the opportunity to do so. We realize that the statements of the parties prepared by the claims representative so soon after the tragic incident may have been of some benefit to appellant, if nothing more than because of the likelihood of fresher memories and possible impeachment materials; nevertheless, we cannot consider that possible benefit sufficient to show either a substantial need or an inability to obtain the substantial equivalent of the materials.

Appellant seems to assert that the trial court was required to conduct an in-camera inspection of the requested materials before ruling on the matter, relying upon *Georgia Intl. Life Ins. Co. v. Boney,* 139 Ga. App. 575 (228 SE2d 731) (1976). Code Ann. § 81A-126 (b) (3), however, provides for an in-camera examination (or some other acceptable method) to protect mental impressions or legal theories, *after* the requesting party has shown substantial need for protected material and undue hardship to obtain its substantial equivalent. No in-camera examination was required here.

*Judgment affirmed. Sognier and Pope, JJ., concur.*

DECIDED NOVEMBER 19, 1982 —
REHEARING DENIED DECEMBER 9, 1982 —

*Charles M. Lako, Jr.,* for appellant.
*Robert L. Pennington, William R. King, Kevin C. Greene, David S. Reinhardt,* for appellees.