## 69859. PAYNE v. McCOLLUM et al.
(330 SE2d 421)

DEEN, Presiding Judge.

Payne brought suit against Larry J. McCollum and Brenda J. McCollum for breach of contract, contending that he had contracted with the couple to build a log house on a "cost plus" basis and that when the house was completed they refused to pay him $21,375.39 which was due under the contract. Appellees answered and counterclaimed, alleging fraud and seeking the cost of completing the house, $50,000 in general damages for fraud, $150,000 in exemplary damages, attorney fees, and expenses of litigation. A jury verdict was returned in favor of the appellees which awarded them "all attorney's fees" and $5,000 in exemplary damages. In entering judgment on the verdict, the court concluded that the verdict automatically discharged the contractor's lien which appellant had filed against the property, and that the verdict for punitive damages could not stand without an award of actual, special, general, or nominal damages. The court awarded $6,000 in attorney fees and $7.86.72 in deposition expenses as expenses of litigation.

1. As appellant did not object to the testimony of two witnesses, Webb and Smisson, in the court below, he cannot raise this issue for the first time on appeal. *Mynatt v. Tom Washburn & Assoc.,* 161 Ga. App. 168 (288 SE2d 122) (1982).

2. The evidence was sufficient to support the verdict against appellant on the main claim and in favor of the appellees on the counterclaim. Mrs. McCollum testified that the "cost plus" language was not contained in the contract at the time of its execution, and appellant admitted he took the only existing copy of the contract from appellees' home immediately after its execution. Larry McCollum testified that the agreement between the parties was that appellant would build the house for $48,000 including fireplace, septic tank, and cost of the land. He claimed that the first time they were notified that appellant wanted more money for building the house was after it was almost completed. Appellant's own witness testified that he had specified price ranges for interior furnishings, such as carpet and counter tops, from which appellees could select. This testimony supports appellees' claim that the agreement between the parties was not a "cost

plus" contract. Another witness for appellant, an appraiser, testified that the market value of the house, as calculated by the cost approach based upon the specifications, was $46,836 including well, septic tank, and land; that the cost to reproduce the house was $32,626; and that he found no changes to the basic plan after the house was substantially completed. (The amount sought by appellant plus the construction loan and downpayment would have raised the cost of the house to over $60,000.)

Construing the evidence in the light most favorable to the verdict and applying the "any evidence" rule, we affirm the jury verdict. *Suber v. Fountain*, 151 Ga. App. 283, 285 (259 SE2d 685) (1979); *Speir v. Williams*, 146 Ga. App. 880 (247 SE2d 549) (1978).

3. As appellant did not object to the trial court's charge on expenses of litigation and attorney fees when offered the opportunity to voice an objection, this issue cannot be reviewed by this court. *Pierce v. Pierce*, 241 Ga. 96, 103 (243 SE2d 46) (1978).

*Judgment affirmed. Pope and Beasley, JJ., concur.*

DECIDED APRIL 4, 1985.

*Russell M. Boston*, for appellant.
*Horace L. McSwain III*, for appellees.