70222. TOBACCO ROAD, INC. v. CALLAGHAN.
(330 SE2d 768)

BANKE, Chief Judge.
The appellant brings this interlocutory appeal from an order requiring the production of statements obtained from certain witnesses by an investigator in his employ. The trial court determined that the statements had been obtained in anticipation of litigation within the meaning of OCGA § 9-11-26. However, in reliance upon this court's decision in *Clarkson Indus. v. Price*, 135 Ga. App. 787 (218 SE2d 921) (1975), the court ruled that the statements were discoverable without a showing of substantial need and undue hardship in obtaining the equivalent materials, because of the appellant's failure to demonstrate that the statements contained mental impressions, conclusions, opinions, or legal theories of the preparer. We granted the appellant's application for interlocutory appeal in order to resolve an apparent conflict between the *Clarkson* decision and the decision in *Warmack v. Mini-Skools*, 164 Ga. App. 737 (297 SE2d 365) (1982). *Held*:

OCGA § 9-11-26 (b) (3) clearly states that discovery of the type statements at issue here may be obtained "only upon a showing that the party seeking discovery has substantial need of the materials in the preparation of his case and that he is unable without undue hardship to obtain the substantial equivalent of the materials by other means. In ordering discovery of such materials when the required showing has been made, the court shall protect against disclosure of

the mental impressions, conclusions, opinions, or legal theories of an attorney or other representative of a party concerning the litigation . . ."

As we stated in *Ga. Intl. Life Ins. Co. v. Boney*, 139 Ga. App. 575 (3) (228 SE2d 731) (1976), "it is obvious that documents, statements, and other tangible items of evidence developed by one party in preparation for litigation are discoverable by the other party only in carefully limited circumstances. The moving party must show affirmatively that he has a substantial need for such evidence in the preparation of his case and that it would cause an undue hardship upon him to develop that evidence by means other than extraction from the files of the opposing party. If the trial court is satisfied that the required showing has been made, the trial court may order the production, after an in-camera examination (or other acceptable agreement between the parties) with a view toward protecting against the disclosure of mental impressions, conclusions, opinions, or legal theories." This is the correct rule, as was reaffirmed in *Warmack v. Mini-Skools*, supra. Insofar as *Clarkson Indus.*, supra, is inconsistent with this rule, it is overruled; and the trial court's order requiring the production of the requested materials is accordingly reversed.

*Judgment reversed. McMurray, P. J., Birdsong, P. J., Carley, Sognier, Pope, Benham, and Beasley, JJ., concur. Deen, P. J., concurs and also concurs specially.*

DEEN, Presiding Judge, concurring specially.

While concurring fully with the majority opinion, as the author of the decision in *Clarkson Indus. v. Price*, 135 Ga. App. 787 (218 SE2d 921) (1975) it is especially appropriate for me to share this opportunity to participate in its demise. At least one well known commentator has noted that "[t]he absurdity of [*Clarkson*] is obvious," and has recommended that the case be relegated to the " 'derelicts on the stream of the law' and never to be heard of again." Agnor, Use of Discovery under the Ga. Civil Practice Act (3rd ed.), § 3-4.1, p. 66 (1984). The *Clarkson* court clearly misread the discovery statute, and correction of the mistake has been long overdue.

In construing the statute correctly one year later in *Ga. Intl. Life Ins. Co. v. Boney*, 139 Ga. App. 575 (228 SE2d 731) (1976), this court made no reference to *Clarkson* and missed its first opportunity to rectify the situation. In *Warmack v. Mini-Skools*, 164 Ga. App. 737 (297 SE2d 365) (1982) (also written by the author of this special concurrence), this court tacitly realized the *Clarkson* misconstruction, but did nothing to clarify the matter. While the determinative issue in *Warmack* was whether the requested materials were non-discoverable because they were saturated with mental impressions, conclusions, opinions, or legal theories, and not exactly the issue in *Clarkson* or

the instant case, this court, upon reflection, should have addressed the problem then. At last, the instant case presents another proper vehicle for this purpose, and I enthusiastically concur with the majority opinion's elimination of the long-standing error and placing *Clarkson* in the river of no return.

DECIDED APRIL 10, 1985.

*William H. Turner, Jr., F. Thomas Young*, for appellant.
*O. Wayne Ellerbee, E. Cameron Hickman*, for appellee.