73164. LOWE'S OF GEORGIA, INC. v. WEBB.
(350 SE2d 292)

BIRDSONG, Presiding Judge.

Invitee Injury — Grant of Discovery. Herman Webb visited a retail store owned and operated by Lowe's. Webb purchased a washing machine from the display floor. He was present with his son at the store and desired to take the heavy machine home with him on the day of purchase. He had a pick-up truck waiting at the loading dock of the store. The evidence shows that an employee of Lowe's as a customer service operated a fork lift to carry heavy items such as a washing machine across the loading dock and to load it on the delivery vehicle. An employee named Brown was operating the fork lift on the day of Webb's purchase. Brown stated by way of deposition that he loaded the washing machine onto the fork lift and drove to the edge of the dock immediately to the rear of Webb's pick-up truck. Brown deposed that he stopped the fork lift, fixed the brake and intended to use another employee to lift the washing machine from the tines of the fork lift into the back of Webb's truck. Brown stated that Webb seemed to be in a hurry, and Webb and his son took hold of the machine before Brown could remove it from the fork lift. Brown observed that due to becoming off balance or because of material on the floor of the pick-up, Webb lost his balance and fell from the back of the pick-up, landing at an awkward angle on his leg and the leg apparently was broken.

Webb, on the contrary, contends in his pleadings that Brown negligently drove the fork lift with the washing machine still on the tines onto the pick-up and against Webb, breaking Webb's leg when the tine of the fork lift hit against his leg. In any event, Webb's leg was broken, and he was taken by his son in the back of the pick-up to a hospital. Before leaving, Webb's son excitedly and angrily exclaimed that Lowe's would hear more of this incident. After Webb arrived at the hospital and was receiving treatment, the son called Lowe's and

informed Lowe's that they (Lowe's) would certainly pay for the injuries and expenses.

After the accident and after Webb had departed for the hospital but on the same day, Brown and two other employee-witnesses made an oral statement to a store supervisor. This supervisor made an immediate report to Lowe's insurer informing the insurer of the incident and Webb's apparent desire to seek damages. Shortly after the incident, an adjuster for the insurer came to Lowe's and obtained written statements from the three employees. Even later after suit had been filed, the attorney for Lowe's directed the supervisor earlier involved to take written reports from the employees. During discovery, Webb sought to obtain copies of these statements. Lowe's declined to release the statements contending the statements were trial-preparation material developed with a view to probable litigation. Webb filed a motion to compel the disclosure of the requested statements. The trial court concluded the statements taken by the insurance investigator were not shown to be in contemplation of litigation and ordered these statements to be released. Lowe's sought, successfully, an interlocutory appeal of this ruling. The sole issue before this court now is whether the three statements are discoverable over objection as being trial-preparation material developed in contemplation of litigation. *Held*:

We are satisfied that this case is controlled by the holdings of this court in *Warmack v. Mini-Skools*, 164 Ga. App. 737 (297 SE2d 365) and *Tobacco Rd. v. Callaghan*, 174 Ga. App. 539 (330 SE2d 768). In *Warmack*, supra, a small child fell on some stairs at a day nursery and suffered a fractured skull. The child subsequently died. Shortly after the accident, a claims representative for the insurer of the school met with the school employees to discuss the accident. The parents sought discovery of the statements taken by the insurance representative of six school employees.

*Warmack*, supra, construed OCGA § 9-11-26 (b) (3) to provide a party may discover documents prepared in anticipation of litigation or for trial by or for another party or by or for that other party's representative (including his attorney, consultant, surety, indemnitor, insurer, or agent) only upon a showing that the party seeking discovery has substantial need of the materials in the preparation of his case and that he is unable without undue hardship to obtain the substantial equivalent of the materials by other means. The party served with the request must prove that the material sought was prepared in anticipation of litigation or trial.

In this case, Lowe's has met its burden. Before Webb even left the premises, its employees were informed that Lowe's "had not heard the last of the matter." Shortly thereafter, on the same day, Lowe's again was informed that Lowe's was "going to pay" for the

injury and expenses. In *Warmack*, supra at p. 739, we held: "In this case, the trial court correctly refused to order the production of the requested materials. The discussion between the claims representative and the school employees evidently occurred in anticipation of litigation over the death of appellant's son, having been arranged following appellant's husband's contact with the school about any accidental insurance coverage. Under these circumstances, it is difficult not to believe that any statement of a party, either self-written or obtained by the claims representative as a result of this conference, would be imbued with mental impressions, conclusions, opinions, or legal theories, and thus would be protected [statements or] work product[s] under [OCGA § 9-11-26 (b) (3)]."

While it was established that Lowe's conducted an investigation into every incident, this investigation from the beginning was more than a simple "fixing of the facts." In most cases, the store owner knows only an injury has occurred and whether any "claim" or "litigation" will result surely could be nothing more than speculation until the demands of the injured visitor are made known. In this case, Lowe's showed that from the very beginning it was aware that adversarial action was forthcoming, in the face of hotly disputed fault. Thus, Lowe's substantially established that the statements meet the statutory criteria of having been taken in contemplation of litigation or trial. (Note that the information is protected if reasonable grounds exist to believe that litigation is probable but before claim is instituted as well as in preparation for trial after a complaint has been filed.)

Moreover at the time of the interlocutory appeal, the record reflects that one of the witnesses (Brown) had given a deposition. The trial court had ordered Lowe's to make available the physical presence of other witnesses and if the witnesses could not be located, then further consideration would be given to ordering production of material in the hands of Lowe's. Webb offered evidence that efforts to locate one employee had been unsuccessful but there was no showing that the witness was in fact wholly unavailable. In order to compel the production of trial-preparation material developed in anticipation of litigation, the movant must show affirmatively that he has a substantial need for such evidence in the preparation of his case and that it would cause an undue hardship upon him to develop that evidence by means other than extraction from the files of the opposing party. *Georgia Intl. Life Ins. Co. v. Boney*, 139 Ga. App. 575 (3) (228 SE2d 731). "We realize that the statements of the parties prepared by the claims representative so soon after the tragic incident may have been of some benefit to appellant, if nothing more than because of the likelihood of fresher memories and possible impeachment materials; nevertheless, we cannot consider that possible benefit sufficient to show

either a substantial need or an inability to obtain the substantial equivalent of the materials." *Warmack v. Mini-Skools, supra* at p. 740.

Lowe's having carried its burden of showing such material was obtained in anticipation of litigation, it became incumbent upon the trial court to require Webb to satisfy the second test established by the discovery statute; i.e., to show a substantial need and undue hardship in the development of the information sought. This the trial court did not do. Accordingly, the judgment will be reversed and the record remanded to the trial court to add in its order the court's finding as to the second phase of the discovery of protected trial-preparation material. After entry of the revised order, either party shall have the right to file an application for appeal therefrom.

*Judgment reversed and case remanded with direction. Banke, C. J., and Sognier, J., concur.*

DECIDED OCTOBER 22, 1986 —
REHEARING DENIED NOVEMBER 5, 1986.

*J. Kenneth Moorman, Alan L. Newman,* for appellant.
*Richard D. C. Schrader, Eileen M. Crowley, Carol Buscail-Smith,* for appellee.