## 74711. SOUTHEASTERN AMBULANCE CORPORATION v. FREEMAN.
### (363 SE2d 571)

BENHAM, Judge.

Appellee, a 68-year-old woman, was injured when she fell in an effort to avoid being struck by an ambulance owned by Southeastern Ambulance Corporation ("Southeastern"). Southeastern's position at trial was that it was not liable for appellee's injury because at the time of the accident it had turned over the operation of its ambulances to defendant West Georgia Ambulance Service ("West Ga."), in anticipation of selling its assets to West Ga. Southeastern also defended on the ground that appellee's own negligence caused her injuries. The jury returned a verdict of $50,000 in appellee's favor, and Southeastern appeals the judgment entered thereon. We affirm.

1. The trial court did not err in denying appellant's motions for directed verdict, for judgment n.o.v., and for new trial. Contrary to appellant's assertion, the evidence did not "clearly show" that appellee's own negligence proximately caused her injury. A witness to the incident testified that he saw appellant's vehicle come within inches

of appellee as she and the child with her crossed the street in the crosswalk; that when the driver of the vehicle made his left turn he failed to yield to appellee or acknowledge her presence in the street; and that if appellee had not stepped or fallen back, the ambulance would have struck her. Appellee testified that she had the green light as she crossed the street and that when she was about half way across, she looked up and saw the ambulance turning left; "that it was so close she could have touched it"; and that when she tried to jump back to avoid being hit, she fell. She said that either the driver told her he worked for Southeastern Ambulance Corp., or she saw the name on the side of the ambulance. There was also testimony concerning the extent of her injuries. "A directed verdict is proper only where there is no conflict in the evidence as to any material issue and the evidence introduced together with all reasonable deductions or inferences therefrom demands a particular verdict. OCGA § 9-11-50 (a)." *Carver v. Jones*, 166 Ga. App. 197 (3) (303 SE2d 529) (1983). The same standard applies to granting a judgment n.o.v. *Pendley v. Pendley*, 251 Ga. 30 (1) (302 SE2d 554) (1983). The evidence regarding appellant's liability and negligence was such that the trial court properly allowed the case to go to the jury and properly upheld its verdict.

2. Appellant objected to the admission of a doctor's deposition testimony regarding appellee's physical condition near the time of the accident, contending that the doctor had never seen appellee and that no proper foundation had been laid for his testimony. The trial court did not err in allowing the testimony to be admitted. As an expert witness, the doctor was not required to have personally examined appellee. It was proper for him to base his opinion on the hypothetical question appellee posed and on his personal examination of appellee's x-rays that were in evidence. OCGA § 24-9-67; *DuBois v. Ray*, 177 Ga. App. 349 (4) (339 SE2d 605) (1985). The credibility of the expert witness' testimony was for the jury to decide and had no effect on the admissibility of the evidence. *Jones v. Ray*, 159 Ga. App. 734 (4) (285 SE2d 42) (1981).

3. At the conclusion of a witness' testimony regarding $4,500 paid by West Ga. to appellant for ambulances under the sale agreement but not reimbursed when the sale did not go through, the trial court stated: "That was rental of the vehicles since there was no sale." Appellant did not object to the statement. However, in his seventh enumeration of error, appellant contends that the trial court's statement expressed its opinion as to a fact not proved, and that, as such, it requires that a new trial be granted. OCGA § 9-10-7. "[I]n the absence of an objection or motion for mistrial, an appellant cannot complain on appeal that he was prejudiced by such alleged conduct." *Walker v. Bishop*, 169 Ga. App. 236 (9) (312 SE2d 349) (1983).

4. Appellant claims that the trial court erred in admitting West Ga.'s payroll records over appellant's objection without a limiting instruction to the jury. Our review of the record shows that appellant did not object to the tender into evidence of the exhibit, nor did it ask for a limiting instruction. There is nothing for this court to review, as objections to evidence cannot be raised for the first time on appeal. *Sun v. Bush*, 179 Ga. App. 80 (7) (345 SE2d 85) (1986). In his ninth enumeration, appellant claims that the trial court erred in excluding from evidence four exhibits that purported to show that at the time of the accident, West Ga. controlled as its own all three of Southeastern's ambulances. The exhibits were advertising materials for West Ga. and a handwritten memorandum of the transfer agreement between West Ga. and Southeastern. Neither the materials nor the memorandum was signed or dated, and there was no showing that the transfer agreement had been fulfilled by the parties prior to the date in question. "Any evidence is relevant which logically tends to prove or to disprove any material fact which is at issue in the case, and every act or circumstance serving to elucidate or throw light upon a material issue or issues is relevant. [Cit.]" *Dept. of Transp. v. Delta Machine &c. Co.*, 157 Ga. App. 423, 426 (278 SE2d 73) (1981). Since the exhibits did not tend to prove the fact for which appellant wanted them to be admitted, i.e., that the change of ownership had taken place before the accident occurred, the evidence was not relevant and was properly excluded. OCGA § 24-2-1. See *Lane v. Morrison*, 124 Ga. App. 316 (2) (183 SE2d 533) (1971).

5. Appellant takes issue with the trial court's instruction to the jury on the sudden emergency doctrine, arguing that there had been no emergency. We disagree. There was evidence that appellee was threatened with the imminent danger of being struck by a moving motor vehicle, which justified the charge that she not be held to the same degree of conduct as she would be if she were acting without the compulsion of emergency. *Gordon v. Gordon*, 133 Ga. App. 520 (2) (211 SE2d 374) (1974). The trial court also charged the jury that the driver of a motor vehicle that is turning or moving straight ahead is obligated to keep a reasonable lookout ahead for persons on the street in front of him or so near the street in front of him as to be in danger of being struck by his vehicle, and the failure of the driver to do so may constitute negligence on his part. Appellant excepted to the charge, arguing that it was not adjusted to the evidence, since no one was struck by a vehicle and that, therefore, there was no failure by the driver to keep a proper lookout. The charge as given was proper, as it did not require evidence of a striking, but only evidence of the danger of being struck. Appellant also challenges the trial court's charge on ownership and presumptions of agency. However, at trial appellant merely stated that it excepted to appellee's request to

charge 6-A, but did not offer any grounds for objection. "The mere objection to the giving of a numbered request to charge without stating any grounds therefor is not a compliance with [OCGA § 5-5-24 (a)], for which reason the instruction will not be subjected to a more detailed analysis. [Cit.]" *Moore v. Carrington*, 155 Ga. App. 12 (3) (270 SE2d 222) (1980).

6. In his last enumeration of error, appellant argues that appellee's jury verdict of $50,000 was excessive and that a new trial is warranted. See OCGA § 51-12-12. There was testimony that appellee suffered a fractured back as a result of her fall; that before her injury she was a very active, energetic, and independent person who worked as a caretaker for several young children, and also performed such tasks as cleaning gutters, climbing ladders, painting, caring for her invalid husband, and keeping up five apartments; and that after the injury she was unable to do anything strenuous without having to lie down because of the severity of the back pains; and that her activity level dropped and she had to hire other people to do the things she used to do. There was also testimony as to her medical expenses.

There is no direct proof of prejudice or bias, and the amount of the verdict, when considered in connection with all of the facts, does not "shock the moral sense, [and] appear 'exhorbitant, flagrantly outrageous, and extravagant' . . . [or] carry its death warrant upon its face." *Jones v. Spindel*, 128 Ga. App. 88, 92 (196 SE2d 22) (1973). Therefore, we cannot say the verdict in this case was excessive.

*Judgment affirmed. Banke, P. J., and Carley, J., concur.*

DECIDED NOVEMBER 13, 1987 —
REHEARING DENIED DECEMBER 1, 1987 —

*Stanley G. Jackson*, for appellant.
*Jerry B. Hatcher*, for appellee.