A90A0390. FULTON COUNTY v. MORTON.
(396 SE2d 65)

McMURRAY, Presiding Judge.

In this condemnation proceeding, condemnor Fulton County took two contiguous tracts of land in the City of East Point, Georgia. After the special master awarded condemnee $30,000, condemnor appealed the matter to a jury trial. The jury awarded condemnee $100,000 and condemnor appeals. *Held:*

1. The condemnor's first three enumerations of error complain that the trial court erred in permitting certain testimony by the condemnee over objection. However, in two of these instances the issues argued by condemnor on appeal are different than those raised by the objections submitted before the trial court and therefore will not be considered on appeal. *Auto Rental & Leasing v. Blizzard,* 159 Ga. App. 533, 535 (3), 536 (284 SE2d 47).

In the third instance, the condemnee was not allowed to answer the questions to which condemnor objected, but condemnee's counsel was repeatedly required to rephrase questions to which condemnor had objected. Condemnee answered the revised question without any objection from condemnor and contrary to condemnor's argument the transcript does not reveal any continuing objection to the line of questions involved. An issue presented for the first time on appeal will not be considered. *Southeastern Ambulance Corp. v. Freeman,* 185 Ga. App. 119, 121 (4) (363 SE2d 571); *Payne v. McCollum,* 174 Ga. App. 491 (1) (330 SE2d 421).

2. The trial court did not err in admitting the testimony of condemnee's expert as to what it would cost condemnee to acquire property similar to that which was taken. Such testimony was not speculative, but was relevant to the jury's determination of the value of the

land taken by condemnor. "In determining the market value of land, due consideration should be given to 'all the elements reasonably affecting value.' *Wright v. MARTA*, [248 Ga. 372, 375 (283 SE2d 466)]." *Department of Transp. v. Whitehead*, 253 Ga. 150, 152 (2) (317 SE2d 542).

3. Next, condemnor enumerates as error the admission into evidence of a 1974 letter from Metropolitan Atlanta Rapid Transit Authority ("MARTA") General Manager Alan F. Kiepper to County Attorney Sheats, albeit apparently in his capacity as attorney for an East Point landowner. While condemnor correctly complained that no foundation had been laid for the admission of this letter into evidence, we can perceive no prejudice resulting from this irrelevant material. The letter was dated more than nine years prior to the taking at issue, and does not relate to the property taken, but to the concerns of a landowner-client who is not a party to this action. In the letter, statements are made that MARTA planned to begin property acquisition in the East Point area in the latter part of 1975 but that MARTA would attempt to advance the acquisition of the property of the landowner-client if that would be beneficial to him. This evidence was of no probative value as to any material issue in the case sub judice, therefore its admission was error. Nonetheless, the irrelevant evidence is not shown to have been prejudicial to condemnor, therefore its admission must be deemed harmless and is not a cause for reversal. *Brooks v. Steele*, 139 Ga. App. 496, 497 (1) (229 SE2d 3); *Weiss v. Johnson & Johnson Constr. Co.*, 98 Ga. App. 858, 873 (9) (107 SE2d 708).

4. In its final enumeration of error, condemnor contends there was no evidence of an unaccepted offer to buy or sell property such as would authorize a charge given to the jury that: "While evidence of an unaccepted offer to buy or sell property is not in and of itself evidence of value, yet where a witness testifies as to the value, and bases his opinion partly on such offer, his testimony is admissible." However, in view of condemnee's testimony that his opinion as to the value of the property taken was based in part upon an offer he had received for a portion of the property, we must conclude that this instruction, which condemnor concedes is a correct statement of the law, was properly included in the charge given to the jury. *Hannula v. Ramey*, 177 Ga. App. 512, 513 (2) (339 SE2d 735); *Cale v. Jones*, 176 Ga. App. 865, 868 (4) (338 SE2d 68).

*Judgment affirmed. Carley, C. J., and Sognier, J., concur.*

DECIDED JULY 12, 1990.

*Robert G. Young*, for appellant.

*H. Fred Gober*, for appellee.