A92A2146. KRAUSE v. VANCE et al.
(428 SE2d 595)

JOHNSON, Judge.

Connie Vance Krause died by asphyxiation. Police found her nude body in the trunk of her parked car. Connie Krause's parents, brothers and sister (the Vances) filed a complaint against Connie Krause's husband, Hans-Juergen Krause, seeking to prevent him from receiving benefits under her life insurance policy and from inheriting her estate. In the complaint, the Vances allege that Krause killed his wife. A jury returned a verdict in favor of the Vances and Krause appeals.

1. In his first enumeration, Krause contends that the trial court erred in allowing an expert witness to answer a hypothetical question which assumed facts not in evidence. The witness testified that in his opinion the average temperature in the car trunk where Connie Krause's body was found was 40 degrees fahrenheit. In reaching this opinion, the witness was asked to assume that the car, which was found by police in a parking lot on November 3, 1989, was also in that lot on November 1 and 2. Krause argues that there was no evidence to support this assumption. The record, however, contains circumstantial evidence from which the jury could have concluded that the car was in the parking lot on November 1 and 2.

"Circumstantial evidence can be described as evidence which does not constitute direct proof with regard to the issue of fact or the hypothesis sought to be proven by the evidence; rather, circumstantial evidence constitutes proof of other facts consistent with the hypothesis claimed." *Southern R. Co. v. Ga. Kraft Co.*, 258 Ga. 232 (367 SE2d 539) (1988). By Krause's own testimony, the whereabouts of the car were accounted for on the morning of November 1. Krause testified that Connie Krause left home to go to work at approximately 8:00 that morning. She did not arrive at work, however, and the car was not seen again until its discovery in the parking lot on November 3. While this evidence does not directly prove that the car was placed in the lot on November 1, sometime after Connie Krause's disappearance, and remained there until being discovered on November 3, it is consistent with that hypothesis.

"[W]here reliance is made upon circumstantial evidence alone for proof of one of the essential facts assumed in the framing of a hypothetical question, the trier of fact may consider the answer to the question only if it has first determined that the assumed fact has been satisfactorily established. The trier of fact, and not the court, decides whether the assumed fact is actually proved by the circumstantial evidence. Nevertheless, it is for the court to decide whether a conclusion assumed is at least supported by the circumstantial evidence before allowing the matter to go to the jury for its determination as to whether the evidence actually established the fact." (Citations and punctuation omitted.) *Warmack v. Mini-Skools, Ltd.*, 164 Ga. App. 737, 738 (1) (297 SE2d 365) (1982). Here, the trial court was authorized to determine that circumstantial evidence at least supported the conclusion that the car was placed in the parking lot on November 1 and remained there until its discovery on November 3. Although the circumstances proved might also support other conclusions, they were sufficient for the purpose of posing the hypothetical question to the expert witness. To the extent that the expert's opinion was based on insufficient facts, the weight and not the admissibility of the expert testimony was affected. *Buttrum v. State*, 249 Ga.

652, 655 (7) (293 SE2d 334) (1982); *Southern R. Co. v. Montgomery*, 192 Ga. App. 308, 311 (2) (384 SE2d 907) (1989). Krause was free to explore on cross-examination the sufficiency of the evidence supporting the hypothetical question and to pose other possibilities supported by that evidence. The court did not err in allowing the witness to answer the question as it remained for the jury to determine what weight to give the expert opinion. *Hyles v. Cockrill*, 169 Ga. App. 132, 136-137 (8) (312 SE2d 124) (1983); *Woods v. Andersen*, 145 Ga. App. 492, 494 (4) (243 SE2d 748) (1978).

2. Krause contends that the court erred in excluding the testimony of Atlanta police detective Lou Moore, attorney Ralph Merck and Internal Revenue Service (IRS) agent Art McGovern. Detective Moore would have testified that agent McGovern said that in his opinion Connie Krause's death was related to a federal tax fraud investigation. Merck would have testified that agent McGovern told him that the federal government was concerned that Connie Krause's death was linked to the investigation. Agent McGovern would have testified only as to his name, address and occupation; he would have refused to answer any questions regarding the alleged investigation because such testimony had not been approved by the director of the IRS.[1] The trial court did not abuse its discretion in excluding the testimony of agent McGovern regarding his name, address and occupation as such evidence was not relevant to any issue in the case. *Holden v. State*, 202 Ga. App. 558, 562 (3) (414 SE2d 910) (1992). The proffered testimony of Merck and detective Moore was inadmissible hearsay. OCGA § 24-3-1 (a). Accordingly, we find no error.

3. Krause asserts that the court erroneously refused to admit into evidence a memorandum in which detective Moore wrote that IRS agents "stated it was their opinion that Connie Krause died as a result of a conspiracy involving the Southern Company and Georgia Power." No IRS agents testified at the trial. The portion of the memorandum that Krause sought to introduce is hearsay. OCGA § 24-3-1 (a). "The reduction of the hearsay statement to writing does not alter its character. Ordinarily hearsay testimony is not only inadmissible but wholly without probative value. . . ." (Citations and punctuation omitted.) *Clabo v. Tennessee Farmers Mut. Ins. Co.*, 202 Ga. App. 110, 113 (413 SE2d 476) (1991). The court therefore did not err in excluding the memorandum.

4. Krause complains that the court erroneously excluded from evidence an affidavit of IRS agent McGovern regarding the alleged federal tax fraud investigation. Agent McGovern did not testify at trial.

---

[1] The IRS, pursuant to 26 CFR Ch. 1 and 31 CFR Pt. 1, declined to allow McGovern to testify.

"[E]x parte affidavits should not be allowed in evidence in any trial where the evidence is finally adjudicated because it denies the privilege of cross-examination as allowed by OCGA § 24-9-64." (Citations and punctuation omitted.) *Growth Properties of Fla. v. Wallace*, 168 Ga. App. 893, 899 (4) (310 SE2d 715) (1983). The court properly excluded the affidavit.

5. Krause contends that the court erred in refusing to allow him to impeach an expert witness concerning two other lawsuits in which the expert testified. "Oral testimony concerning any such other lawsuits would be incompetent for impeachment purposes unless it contradicted the witness' testimony at trial and cannot be used merely to expose the witness' intelligence, memory, accuracy, judgment and veracity. . . ." (Citations and punctuation omitted.) *Haley v. Oaks Apts.*, 173 Ga. App. 44, 46-47 (4) (325 SE2d 602) (1984). Krause sought to introduce evidence that the judges in two other lawsuits disagreed with this witness' testimony in those cases. Such evidence was incompetent for impeachment purposes because it did not contradict the witness' testimony in the instant case; the expert did not testify that no judge had ever disagreed with his opinion. The trial court therefore did not abuse its discretion in limiting Krause's cross-examination of the witness. See *Carter v. State*, 257 Ga. 510 (1) (361 SE2d 175) (1987).

6. Krause contends that the trial court erred in refusing to allow surrebuttal testimony from officer Ruffin Barnes. Krause had introduced testimony from parking lot attendant Teresa Allen that while on duty on November 3, 1989, she had not seen Connie Krause's automobile in the parking lot. In rebuttal, the Vances presented Marcia Warfield who testified that on the morning of November 3 she parked her car in the lot next to Connie Krause's car. Warfield further testified that when she returned to the lot that evening, Connie Krause's car was in the same location. Krause sought to introduce surrebuttal testimony by officer Barnes differing with Warfield as to the approximate time that Warfield returned to her car. Because both Barnes and Warfield could merely approximate the time that Warfield returned to her car and because Barnes' testimony actually corroborated Warfield's claim that she parked next to Connie Krause's car, we find that the trial court did not abuse its discretion in refusing to allow the surrebuttal testimony. *Rayburn v. State*, 194 Ga. App. 676, 677-678 (4) (391 SE2d 780) (1990).

7. Krause contends that the trial court erred in denying his motion for a directed verdict. Krause first argues that the Vances' counsel, while cross-examining Krause, made an in-court admission that Krause did not kill his wife. The Vances' attorney explained to the trial judge that he had simply made a sarcastic comment in the midst of a heated cross-examination. The court's denial of the motion on

this ground amounted to a finding that the attorney had indeed merely made a sarcastic comment rather than an in-court admission. Our review of this finding is limited to a reading of the transcript, while the trial court actually witnessed the demeanor of the attorney and witness involved in the contested verbal exchange. Consequently, this court will not substitute its judgment for that of the trial court in resolving such a question of fact. See generally *State v. Nichols*, 196 Ga. App. 709, 710 (397 SE2d 3) (1990); *Guffey v. State*, 191 Ga. App. 501 (1) (382 SE2d 202) (1989).

Krause further argues that the Vances waived the issue of whether he committed voluntary manslaughter of his wife because it was omitted from the pretrial order. "Omission of an issue from a pretrial order is not controlling if evidence pertaining to the issue is introduced without objection, the opposing party is not unfairly surprised, and the issue is actually litigated. [Cit.]" *Dunkin' Donuts v. Gebar, Inc.*, 202 Ga. App. 450, 451 (1) (b) (414 SE2d 683) (1992). Here, omission of voluntary manslaughter from the pretrial order is not controlling. The Vances stated in their complaint that they were proceeding under OCGA § 33-25-13, which requires proof of either murder or voluntary manslaughter. They introduced evidence pertaining to voluntary manslaughter without objection and the issue was actually litigated. There is no indication in the record that Krause was unfairly surprised by the issue of voluntary manslaughter at any stage of the proceedings. The court did not err in denying the motion for directed verdict on this ground.

Krause also asserts that the court should have granted his motion on the ground of insufficient evidence. Krause did not raise this issue in support of his motion made at the close of the Vances' case. Krause attempted to raise this issue later in the case when he again moved for a directed verdict. The court, however, refused to rule on that motion because it was premature, having been made prior to the close of all the evidence. See OCGA § 9-11-50; *Anderson v. Universal C. I. T. Credit Corp.*, 134 Ga. App. 931 (1) (216 SE2d 719) (1975). Krause failed to move for a directed verdict at the close of all the evidence and the court never made a ruling on the premature motion. The issue of insufficient evidence therefore was never properly raised or ruled upon by the trial court as a basis for the directed verdict motion and cannot be considered for the first time on appeal. *Barnwell v. State*, 197 Ga. App. 116, 118 (4) (397 SE2d 717) (1990); *Fulton County v. Morton*, 196 Ga. App. 334 (1) (396 SE2d 65) (1990). Even if the issue was properly reserved for appellate review, Krause's argument would be without merit. We have thoroughly reviewed the record in this case. We find there was evidence supporting the Vances' claims. Therefore a directed verdict in favor of Krause would not have been proper. See *Dunkin' Donuts*, supra at 451 (1) (c).

8. In his sixth enumeration, Krause complains that the trial court erred in allowing an expert witness to testify as to the time of Connie Krause's death. Krause relies on the same argument he made in support of his first enumeration of error. Because of our decision in Division 1, Krause's sixth enumeration of error is without merit.

9. Krause argues that the court erred in allowing a medical examiner to give his opinion as to the time of Connie Krause's death because he assumed facts not in evidence regarding the environmental temperature in which the body was found. The doctor testified that in reaching his estimate as to the time of death he assumed a normal room temperature of approximately 70 degrees fahrenheit. The doctor then explained how that assumption affected his estimate and how his opinion would change by assuming a cooler environment. To the extent the expert's opinion was based on insufficient facts, the weight and not the admissibility of the testimony was affected. *Buttrum v. State*, 249 Ga. at 655 (7); *Southern R. Co. v. Montgomery*, 192 Ga. App. at 311 (2). The court did not err in allowing the jury to consider the medical examiner's testimony.

10. Krause asserts that the court erred in denying his motion for a mistrial after a police officer indicated that Krause had offered to take a lie detector test. The court's offer to give a curative instruction to the jury was declined by Krause. "The mere fact that the jury is apprised that a lie detector test was taken is not necessarily prejudicial *if* no inference as to the result is raised. . . . (Emphasis in original.)" (Citations and punctuation omitted.) *Carr v. State*, 259 Ga. 318, 319 (1) (380 SE2d 700) (1989). Here, not only was no inference as to the result raised, but the witness did not indicate whether Krause actually took the test. The reference to a lie detector test was insignificant and the court did not abuse its discretion in denying the motion for a mistrial. *Merrell v. State*, 162 Ga. App. 886, 888 (4) (293 SE2d 474) (1982).

11. In his ninth enumeration, Krause contends that the court, after hearing testimony by parking lot attendant Teresa Allen, erred in denying his motions for a mistrial and to strike the testimony of three expert witnesses. Krause made these motions in the middle of the trial, at which point the court stated it was unable to rule on them without reviewing the transcripts of evidence. Krause neither renewed the motions nor asked the court for a ruling later in the trial. Consequently, the court never ruled on the motions. Absent a ruling by the trial court, there is nothing for this court to review. *Norwood v. State*, 199 Ga. App. 536 (405 SE2d 526) (1991); *Westwind Corp. v. Washington Fed. &c. Assn.*, 195 Ga. App. 411 (1) (393 SE2d 479) (1990).

12. Krause's assertion that the court erred in charging the jury on voluntary manslaughter presents nothing for review because after the charge and upon inquiry by the court, no such objection was made.

*Rodriguez v. Davis*, 202 Ga. App. 550 (1) (415 SE2d 41) (1992).

13. Krause's twelfth enumeration of error is a general objection to the trial court's refusal to give any of his 22 requested jury charges. Krause claims that his requested charges were correct statements of the law and were warranted by the evidence. In his brief, Krause has made no reference to any location in the trial transcript where the evidence supports any of his requested charges. Instead, he has simply referred to all 22 of his requests, the entire charge as given and his exceptions to the charge. Moreover, although Krause has cited general legal principles in support of his enumeration, he has not applied those principles to any particular requested charge. We have examined the court's instructions to the jury as well as the charges requested by Krause but not given. We find that taken as a whole the charge given was complete and accurate. *Williams v. State*, 201 Ga. App. 384, 385 (2) (411 SE2d 316) (1991). Furthermore, Krause's generalized argument in support of this enumeration of error is unsatisfactory for consideration on appeal and the enumeration is therefore deemed abandoned. *White v. Olderman Realty &c. Co.*, 166 Ga. App. 179, 180-181 (3) (303 SE2d 517) (1983); Court of Appeals Rule 15 (c).

14. Krause enumerates as error the court's failure to give his second, twelfth and thirteenth requests to charge. In his brief, Krause simply repeats the enumerated errors and does not support them with argument, citation of pertinent authority or reference to any evidence in the record supporting the requests to charge. Accordingly, these enumerations are deemed abandoned pursuant to Court of Appeals Rule 15 (c) (2).

15. Krause contends that the court erred in failing to give his fourth, fifth, sixth and seventh requests to charge. Request 4 defines malice, request 5 states that intent to kill is an element of both murder and voluntary manslaughter, request 6 states that motive is not an element of murder and request 7 states that intent and malice are elements of the crime of murder. As these requests were substantially covered in the court's general charge defining murder and voluntary manslaughter, this enumeration of error is without merit. See *Coastal Equities v. Chatham County Bd.*, 201 Ga. App. 571, 574 (2) (411 SE2d 540) (1991); *Mattox v. MARTA*, 200 Ga. App. 697, 698-699 (2) (409 SE2d 267) (1991).

16. In his fifteenth enumeration of error, Krause argues that the court erred in failing to charge the jury that before a plaintiff in a civil case can have a verdict in his favor supported solely by circumstantial evidence, such evidence must reasonably establish the theory relied upon and preponderate to that theory rather than to any other reasonable hypothesis. The record, however, does not contain a written request for such a charge. "Where there has been no written request to charge, failure to give the charge is not error." (Citations and

punctuation omitted.) *Bartel v. State*, 202 Ga. App. 458, 459 (3) (414 SE2d 689) (1992).

Krause further argues that the court erred in failing to give his requested charge that if the evidence presents two theories, one of guilt and one consistent with innocence of the crime of murder, then the law compels the jury to accept the theory which is consistent with innocence. "A requested charge needs to be given only where it embraces a correct and complete principle of law adjusted to the facts and which is not otherwise included in the general instructions given." (Citations and punctuation omitted.) *Pace v. State*, 201 Ga. App. 475, 476 (2) (411 SE2d 361) (1991). Here, the charge requested misstates the burden of proof in a civil case. The court properly charged the jury on circumstantial evidence and the applicable burden of proof. Accordingly, the court did not err in refusing to give this charge.

17. Krause claims that the court erred in failing to charge the jury that "a finding of fact which may be inferred but is not demanded by circumstantial evidence has no probative value against positive and uncontradicted evidence that no such fact exists." Krause further claims that the court erred in failing to charge the jury that "an inference cannot be based upon evidence which is too uncertain or speculative or which raises merely a conjecture or possibility." These claims are wholly without merit as the court did in fact give these exact charges to the jury.

18. Krause's claim that the court erred in refusing to give his seventeenth and twentieth requests to charge regarding in-court statements made by counsel is without merit as those requests were not authorized by the evidence. *Morris v. State Farm Mut. Auto. Ins. Co.*, 203 Ga. App. 839 (1) (418 SE2d 119) (1992).

19. Krause challenges the constitutionality of OCGA §§ 33-25-13 and 53-4-6. This appeal was originally filed in the Supreme Court, which transferred it to this court. The transfer of the case by the Supreme Court to this court is a final determination that no constitutional question was in fact properly raised or, if so raised, that it was not meritorious. *In the Matter of J. S. S.*, 175 Ga. App. 361, 364 (1) (333 SE2d 417) (1985).

*Judgment affirmed. Pope, C. J., and Carley, P. J., concur.*

DECIDED FEBRUARY 22, 1993 —
RECONSIDERATION DENIED MARCH 5, 1993 —

*Manheim & Jones, Alan C. Manheim, W. David Sims*, for appellant.

*Doffermyre, Shields, Canfield & Knowles, Robert E. Shields,*

*Kenneth S. Canfield*, for appellees.