<span style="font-variant:small-caps">Decided December</span> 4, 1995 —

Gleaton, Scofield, Egan & Jones, M. Michael Egan, Jr., Baker, Donelson, Bearman & Caldwell, Thomas O. Helton, Randall L. Gibson, for appellant.

Jones, Day, Reavis & Pogue, Gregory R. Hanthorn, John H. Williamson, for appellees.

### A95A1523. STURGILL v. GARRISON.
(464 SE2d 902)

<span style="font-variant:small-caps">Pope</span>, Presiding Judge.

Sturgill was involved in a car accident with Garrison. She filed a lawsuit against him, and Garrison filed a separate suit against her. The cases were consolidated, and Sturgill was designated as the plaintiff in the suit. In anticipation of litigation, Sturgill's insurer hired an independent adjuster to investigate the accident. The adjuster took a recorded statement from Sturgill, which was later transcribed. In an attempt to obtain a copy of the statement, Garrison served the adjuster with a request for documents. Sturgill objected to the request, contending that her statement was protected under the work product doctrine. Without contesting Sturgill's objection to his request, Garrison subpoenaed the adjuster for deposition. Sturgill sought a protective order to prevent the deposition, but the trial court ruled that Garrison could take the deposition to discover any impeaching testimony. Sturgill appeals and we reverse.

In her sole enumeration, Sturgill contends that the trial court should have granted her motion for a protective order to prevent Garrison from deposing the adjuster. We agree. Under OCGA § 9-11-26 (b) (3), before a party is entitled to the discovery of "trial-preparation material developed in anticipation of litigation, the [party] must show affirmatively that he has a substantial need for such evidence in the preparation of his case and that it would cause an undue hardship upon him to develop that evidence by [other] means. . . ." (Citation omitted.) *Lowe's of Ga. v. Webb*, 180 Ga. App. 755, 757 (350 SE2d 292) (1986).

In the instant case, Garrison made no such showing, but instead argued that OCGA § 9-11-26 (b) (3) was not applicable because it

---

tion of postjudgment interest. See id. at 13-15.

only dealt with the discovery of documentary or tangible items. Although it is true that OCGA § 9-11-26 (b) (3) deals specifically with the discovery of documents and tangible things, we conclude that the showing required under this Code section applies equally to situations like this where a party seeks to obtain the equivalent of trial preparation materials through the use of a deposition. If a defendant is not entitled to obtain a copy of a plaintiff's statement to her insurance adjuster because the defendant cannot demonstrate substantial need or undue hardship as required by OCGA § 9-11-26 (b) (3), then certainly a defendant cannot require the production of the statement at a deposition, nor can the defendant require the adjuster to testify during deposition as to the content of the statement. To hold otherwise would be contrary to the very existence of the work product doctrine.

Because the record demonstrates that Sturgill's statement was taken in anticipation of litigation, but fails to demonstrate that Garrison had substantial need for the statement and would face undue hardship in obtaining substantially equivalent information from other sources, we conclude that the trial court should have granted Sturgill's motion for a protective order in its entirety. The mere fact that a statement may contain impeachment materials is not sufficient to show either undue hardship or substantial need as required by OCGA § 9-11-26 (b) (3). See *Lowe's of Ga.*, 180 Ga. App. at 757-758; *Warmack v. Mini-Skools Ltd.*, 164 Ga. App. 737, 740 (297 SE2d 365) (1982).

*Judgment reversed. Beasley, C. J., and Ruffin, J., concur in judgment only.*

DECIDED DECEMBER 4, 1995.

*Beck, Owens & Murray, Richard L. Collier, Evans & Evans, Larry K. Evans*, for appellant.
*Temple, Strickland & Counts, William D. Strickland, Reynolds & McArthur, Katherine L. McArthur, Parkerson & Shelfer, I. J. Parkerson*, for appellee.