Rich, Bass, Kidd & Witcher, Merck R. Smith, for appellant.
Billy R. Smith, for appellees.

A94A0715. DIXIE TEXTILE WASTE COMPANY
v. OGLETHORPE POWER CORPORATION.
(447 SE2d 328)

Judge Harold R. Banke.

Oglethorpe Power Corporation filed a petition to condemn an easement on land owned by the appellant, Dixie Textile Waste Company, for the installation of an electric power line. A special master awarded the appellant $3,326.40 as the fair market value of the condemned property. The appellant appealed to the superior court, challenging the special master's finding as to the property's value, and the jury awarded the appellant $9,000. This appeal followed.

1. The appellant contends the trial court erred in excluding expert testimony regarding the public fear of electric power lines and electromagnetic fields and their impact on property values. The trial court excluded testimony regarding *public* fears, as speculative and based on hearsay, but the appellant was able to introduce objective evidence showing variations in sales prices in property located adjacent to electrical power lines.

" 'In determining the market value of land, due consideration should be given to "all the elements reasonably affecting value." [Cit.]' [Cit.]" *Fulton County v. Morton*, 196 Ga. App. 334, 335 (2) (396 SE2d 65) (1990). However, "the question of damages cannot be left [up] to speculation, conjecture and guesswork. [Cit.]" *Dept. of Transp. v. Bird*, 158 Ga. App. 369, 370 (280 SE2d 394) (1981). "Potential danger of an electric power line in close proximity to dwellings does have a material connection to the market value of adjacent land, but this must be ascertained by objective means, not by hearsay evidence." *Weaver v. Ga. Power Co.*, 134 Ga. App. 696, 697 (2) (215 SE2d 503) (1975), rev'd on other grounds, *Merritt v. Dept. of Transp.*, 147 Ga. App. 316, 319 (3) (248 SE2d 689) (1978), rev'd on other grounds, 243 Ga. 52 (252 SE2d 508) (1979).

In the instant case, the appellant sought to introduce expert testimony regarding the public's fear of electrical power lines based on what the witnesses heard other people say about property adjacent to electrical power lines. Not only was this testimony properly excluded as hearsay, but the appellant failed to demonstrate how the impact of

general, public fear on its remaining property could be calculated with a reasonable degree of certainty. See *Merritt v. Dept. of Transp.*, supra at 320.

2. We find no error in the trial court's denial of the appellant's motion for a mistrial based on opposing counsel's reference to the property's tax appraisal in his cross-examination of the appellant's president. Counsel for the appellant objected to the question immediately after it was asked and moved for a mistrial. The court denied the motion and instructed the jury to disregard the amount to which counsel referred. "The trial court has broad discretion in ruling on motions for mistrial. [Cit.]" *Dept. of Transp. v. .590 Acres of Land & Bryan*, 174 Ga. App. 589, 592 (3) (330 SE2d 738) (1985). Counsel's reference was arguably improper but, under the circumstances, harmless since the witness indicated in subsequent testimony some reliance on the appraisal in forming his opinion as to the value of the property.

3. The appellant contends that the testimony of the appellee's rebuttal witness was remote, speculative, without probative value and highly prejudicial, and that the court erred in failing either to grant a mistrial or strike her testimony.

The record shows that the appellant offered evidence regarding the negative effect of adjacent power lines on the sale of lots in a Cherokee County subdivision. The rebuttal witness testified about her contrary findings regarding the sale of homes with adjacent power lines in the same subdivision. Thus, the testimony was admissible as relevant and competent rebuttal evidence, with its weight to be determined by the jury. See generally *Merritt v. Dept. of Transp.*, supra at 319.

We also do not find that the trial court abused its discretion in failing to grant a mistrial upon discovering there was inadvertent contact between this witness and the jury after completion of her testimony.

4. In regard to the admission of evidence regarding a local distribution line already present on a portion of the condemned property, we have previously held that "[t]he condition of land at the time of taking is relevant evidence in a condemnation case as it bears directly on the jury's function of determining its value." *Hill v. Dixie Pipeline Co.*, 120 Ga. App. 82, 84 (3) (169 SE2d 656) (1969).

5. The appellant also argues that the court erred in allowing the appellee's expert to testify that the easement was not large enough to accommodate electrical towers because the evidence had the effect of misleading the jury as to the scope of the condemnation. We disagree. The evidence was relevant to the question of the appellee's use of the easement after condemnation and the detriment to the appellant as the landowner.

Any error occasioned by the admission, over objection, of the expert's testimony regarding the uses employed by other landowners within power line rights-of-way was harmless.

6. The appellant contends the court erred in excluding the testimony of a lay witness regarding the consequential damages to the remainder. The record shows that the court initially ruled that the witness could not testify regarding the diminution in property values due to power lines, without laying a proper foundation. However, after a lengthy discussion outside the presence of the jury, the witness was allowed to testify, without a foundation, that the presence of the power line damaged the property. Thus, this enumeration is without merit.

7. Finally, the appellant asserts the general grounds. Having reviewed the evidence in its entirety, we conclude there is sufficient evidence to support the verdict.

*Judgment affirmed. Birdsong, P. J., and Blackburn, J., concur.*

DECIDED JULY 12, 1994 —
RECONSIDERATION DENIED JULY 26, 1994 — 

*Howell & Whiting, James S. S. Howell,* for appellant.

*Stewart, Melvin & House, Frank W. Armstrong III, E. Pennington Gilbert,* for appellee.

*Troutman Sanders, Donald W. Janney, Joan B. Cravey,* amici curiae.

