## A94A1542. DALTON v. THE STATE.

(454 SE2d 554)

BIRDSONG, Presiding Judge.

Jerry Wayne Dalton appeals his conviction for boating under the influence of alcohol. He contends his boat was unlawfully stopped on Lake Lanier because the evidence showed the Department of Natural Resources' rangers randomly stopped his boat without probable cause or reasonable suspicion that he had committed an offense. *Held*:

The record shows that the rangers stopped the boat to conduct a safety inspection and only thereafter suspected that Dalton was under the influence. Dalton was then administered a breath test and two hours after he was stopped his blood-alcohol content was .11 grams percent.

Dalton asserts that the rangers stopped his boat without probable cause to conduct an inspection under OCGA § 52-7-25 (a): "Any person empowered to enforce this article and any rule or regulation adopted pursuant hereto shall have the authority to stop and board any vessel subject to this article or any such regulation for the purpose of inspection or determining compliance with this article." Dalton contends that randomly stopping boats under this article was unconstitutional because police cannot randomly stop and inspect automobiles under *Delaware v. Prouse*, 440 U. S. 648 (99 SC 1391, 59 LE2d 660).

As Dalton challenged the constitutionality of OCGA § 52-7-25 (a), this court transferred the appeal to the Supreme Court. The Supreme Court, however, returned the Appeal to this Court. As the Supreme Court returned this case to this Court, there is no constitutional issue for resolution. "The transfer of the case by the Supreme Court to this court is a final determination that no constitutional question was in fact properly raised or, if so raised, that it was not meritorious." *Krause v. Vance*, 207 Ga. App. 615, 622 (428 SE2d 595).

Therefore, the only issue for resolution by this Court is whether the stop was lawful. As the evidence shows the stop of Dalton's boat was authorized by OCGA § 52-7-25 (a), the trial court correctly denied Dalton's motion to suppress.

*Judgment affirmed. Blackburn and Ruffin, JJ., concur.*

DECIDED FEBRUARY 6, 1995 —
RECONSIDERATION DENIED FEBRUARY 27, 1995 —

*Winship E. Rees*, for appellant.

*Jerry Rylee, Solicitor, Inez G. D'Entremont, Assistant Solicitor*, for appellee.

*Michael J. Bowers, Attorney General, Robert S. Bomar, Isaac*

*Byrd, Senior Assistant Attorneys General,* amici curiae.