## A95A2039. BANKS v. GEORGIA POWER COMPANY.
(469 SE2d 218)

BEASLEY, Chief Judge.

Georgia Power Company instituted this special master proceeding to condemn a portion of a tract of land owned by Banks as an easement for a right-of-way in order to construct, operate, and maintain a high-voltage electric power line. OCGA § 22-2-100 et seq. On appeal to superior court, Banks filed value and non-value exceptions to the award of the special master. The court entered a judgment of taking, resolving the non-value issues adversely to Banks and finding that the issues of value should be tried before a jury.

Prior to trial, Banks attempted to appeal the judgment of taking to the Supreme Court by interlocutory and direct appeal, but both were dismissed. Following the trial, Banks appealed the final judgment to the Supreme Court, which transferred the appeal to this Court on the authority of *Law v. State*, 219 Ga. 583 (134 SE2d 776) (1964), and *Jones v. Van Vleck*, 224 Ga. 796 (164 SE2d 724) (1968). *Law* held that the challenge to the constitutionality of the statute was not properly raised and preserved. In *Jones*, the Court found no allegations or prayers for equitable relief; it held that a prayer for declaratory judgment does not give the Supreme Court exclusive jurisdiction.

1. In her first enumeration, Banks contends the superior court erred in entering the judgment of taking, in that the special master's finding that there were no consequential damages to the remainder of her tract is without adequate evidentiary support.

The issue of consequential damages was tried in the superior court in a de novo proceeding. *Walker v. Ga. Power Co.*, 177 Ga. App. 493, 496 (1) (339 SE2d 728) (1986); see OCGA § 22-2-110 (d). Consequently, the question of whether the evidence supported the special master's finding on this issue is moot.

2. In her second enumeration, Banks contends that the use of the special master proceeding was unwarranted as there was no need for a quick taking or, if there was such a need, it was brought about only by the actions of the condemnor.

The condemnor may choose its method of procedure. *Wrege v. Cobb County*, 186 Ga. App. 512, 514 (1) (367 SE2d 817) (1988). " 'So long as the procedure used to take the condemnee's property is in accordance with the law, [condemnee] has no ground of complaint because another procedure, also authorized by law, was not used.' [Cit.]" *Harwell v. Ga. Power Co.*, 154 Ga. App. 142, 148 (5) (267 SE2d 769) (1980), aff'd 246 Ga. 203 (269 SE2d 464) (1980). Georgia Power's utilization of the special master proceeding was authorized by OCGA §§ 22-2-101 and 22-3-20.

Moreover, in this case Georgia Power in fact proved the necessity

of a quick taking. The condemnor had delayed this project for several years because of financial considerations but, as a result of near blackouts more recently, had begun working to complete the multiple phases of the project as quickly as possible.

3. In her third through ninth enumerations, Banks challenges the constitutionality of OCGA §§ 22-2-102.1 and 22-3-20 on due process, equal protection, and other grounds.

She maintains that OCGA § 22-2-102.1 constitutes an unconstitutional abridgement or improper delegation of the legislative power of eminent domain, is violative of the doctrine of separation of powers, lacks standards to prevent the arbitrary and capricious exercise of the power of eminent domain, and is available to an arbitrary class of condemnors. According to Banks, OCGA § 22-3-20 also constitutes an unconstitutional delegation of the legislative power of eminent domain in that such power is not restricted to public purposes, and there is a lack of objective standards to determine need or necessity by the condemnor.

In its judgment of taking, the superior court expressly rejected those of Banks' exceptions which challenged the constitutionality of these statutory provisions. Citing *Earth Mgmt. v. Heard County*, 248 Ga. 442 (283 SE2d 455) (1981); *O. K., Inc. v. State Hwy. Dept. of Ga.*, 213 Ga. 666 (100 SE2d 906) (1957), and other cases, the court noted that the Special Master Act has been declared constitutional by the appellate courts of this state on many occasions. However, the court stated that these cases have not directly addressed Banks' challenge to the constitutionality of OCGA § 22-3-20. The court rejected this challenge on grounds that the legislature has provided adequate standards by requiring that there be necessity for the taking and that the taking be for a public purpose. Nonetheless, the Supreme Court transferred the case to this Court by an order which stated that the trial court made no ruling on a constitutional question. The Supreme Court denied Banks' motion to reconsider the transfer order, although she attached the full text of the judgment of taking to the motion.

We have no authority to determine the constitutionality of these statutory provisions. Art. VI, Sec. VI, Par. II (1), Ga. Const. 1983. See *Burson v. State*, 183 Ga. App. 647, 648 (1) (359 SE2d 731) (1987); *Dalton v. State*, 216 Ga. App. 411 (454 SE2d 554) (1995).

4. In her tenth and eleventh enumerations, Banks challenges the easement as awarded on grounds that it provides benefits to Georgia Power and imposes burdens on her beyond the easement boundaries.

Specifically, Banks complains that the judgment of taking awards Georgia Power "the right of ingress and egress to and from said right-of-way over roads, if any, existing at the time of necessity for such ingress and egress for the purpose of constructing, operating, main-

taining, repairing, renewing, replacing and rebuilding said line or lines." However, "[w]ithout this reasonable right of ingress and egress the condemnor would not be able to utilize the easement itself, as the law contemplates and provides." *Hinton v. Ga. Power Co.*, 126 Ga. App. 416, 420 (11) (190 SE2d 811) (1972).

5. In her twelfth enumeration, Banks contends that the court erred in not allowing her appraisal witness Robinson to be identified as having testified on behalf of Georgia Power in the hearing before the special master.

At that earlier hearing, Robinson testified that the value of Banks' entire tract prior to the taking was $1,164,100. Before the jury, another appraiser employed by Georgia Power testified that the value of the tract was $868,000. Banks called Robinson as her witness. He testified that he had revised his earlier appraisal downward because of newly discovered miscalculations. The court refused to allow Banks to show that Robinson had made the earlier appraisal on behalf of Georgia Power.

Banks argues that the prior testimony of this witness constituted an admission of a higher value by Georgia Power and should have been made known to the jury. But, as noted in Division 1, the jury trial is a de novo proceeding. The condemnor was entitled to reject this expert's earlier appraisal, as had the expert himself. Contrary to appellant's argument, the expert's earlier appraisal did not constitute an admission of value by Georgia Power just because it had hired him and used his opinion at the special master hearing. To allow such an erroneous inference would be prejudicial. "Neither party to a condemnation case is bound by rejected opinions of expert witnesses employed by them to appraise realty being condemned." *Logan v. Chatham County*, 113 Ga. App. 491, 493 (2) (148 SE2d 471) (1966); *Dept. of Transp. v. Willis*, 165 Ga. App. 271 (1) (299 SE2d 82) (1983). See under *Willis* and *Logan*, questions relating to the expert's employment by the condemnor were irrelevant and inadmissible. The condemnee was permitted to elicit the fact that the expert had given a substantially higher appraisal at an earlier proceeding.

6. In her thirteenth enumeration, Banks contends that the court erred in not allowing expert testimony proffered by her on the consequential effect of high-voltage electric power lines.

The court allowed Banks to present evidence of the effect of power lines on property values through the testimony of an expert in real estate appraisal. It would not allow her to present the testimony of a Florida homeowner who had become a political activist against high-voltage power lines. This witness, who was not qualified as an expert, would have testified to public opposition to electric power lines in other states, primarily because of their adverse impact on property values and health risks associated with electromagnetic

fields. The court ruled that this witness's testimony on the issue of health risks was inadmissible because she was not an expert in this field but rather merely repeated the opinions of experts whom she had consulted. The court did not err in this ruling. A witness may not be a mere conduit for the opinion of others. *Jordan v. Ga. Power Co.*, 219 Ga. App. 690 (1) (466 SE2d 601) (1995); *Garrett v. State*, 169 Ga. App. 327, 328 (312 SE2d 621) (1983).

In reliance upon *Dixie Textile Waste Co. v. Oglethorpe Power Corp.*, 214 Ga. App. 125 (1) (447 SE2d 328) (1994), the Court ruled that the witness's testimony concerning opposition to power lines in other states should not be presented to the jury for essentially two reasons. First, it was not relevant to prove a lowering of the value of Banks' property in Georgia. Second, Banks had been permitted to show the adverse effect of power lines on property values through the testimony of her real estate expert. We find no abuse of discretion in this ruling. See generally *Nalley Northside Chevrolet v. Herring*, 215 Ga. App. 185, 186 (3) (450 SE2d 452) (1994).

7. In her fourteenth enumeration, Banks contends that the court improperly expanded the scope of the jury trial as she appealed to the superior court only the issue of consequential damages to her remaining property and did not desire to relitigate the issue of the value of the entire tract.

Again, as noted in Division 1, an appeal from the award of the special master to a jury in the superior court is a de novo proceeding. An appeal by either party entitles both parties to a de novo determination of the issue of value or damages. *Smith v. Ga. Power Co.*, 131 Ga. App. 380, 383 (1) (205 SE2d 916) (1974).

*Judgment affirmed. Pope, P. J., and Ruffin, J., concur.*

DECIDED JANUARY 22, 1996 —
RECONSIDERATION DENIED FEBRUARY 6, 1996 —

*Banks, Stubbs & Neville, Baylor B. Banks, Rafe Banks III*, for appellant.

*Smith, Gilliam & Williams, John H. Smith, M. Tyler Smith, Scott A. Ball*, for appellee.