S96G0894. BANKS v. GEORGIA POWER COMPANY.
(481 SE2d 200)

HUNSTEIN, Justice.

Georgia Power Company sought to condemn a portion of land owned by Jane Wood Banks to acquire an easement to construct, operate, and maintain a high-voltage electric power line. A special master hearing was held pursuant to OCGA § 22-2-100 et seq. and an award entered by the special master. Banks filed an appeal for jury trial as to all value issues and exceptions to the special master's ruling on non-value issues, including a constitutional challenge to OCGA § 22-3-20. The trial court entered a judgment of taking and rejected Banks' constitutional challenge.

The Court of Appeals affirmed the judgment of the trial court but held it had no authority to determine the constitutionality of OCGA § 22-3-20. *Banks v. Ga. Power Co.*, 220 Ga. App. 84 (3) (469 SE2d 218) (1996). Banks filed a petition for certiorari in this Court and we granted the petition on the following question:

Whether the trial court erred in entering its judgment of taking because OCGA § 22-3-20 is unconstitutional on its face in that it provides no objective criteria by which to determine the need or necessity for a condemnor's taking of property.

We find that OCGA § 22-3-20 is not unconstitutional and affirm the trial court's judgment of taking.

OCGA § 22-3-20 provides:

Any person operating or constructing or preparing to construct a plant for generating electricity shall have the right to purchase, lease, or condemn rights of way or other easements over the lands of others in order to run power lines, maintain dams, flow backwater, or carry on other activities necessary for constructing and operating such a plant, provided that the person first pays just compensation to the owner of the land to be affected.

Banks contends OCGA § 22-3-20 is an unconstitutional delegation of legislative authority because there are no standards to guide utility companies in determining whether the property to be condemned is "necessary." See Ga. Const. of 1983, Art. I, Sec. III, Par. I.

We begin our analysis in this case with the well established rules of statutory construction requiring a court to construe a statute as valid when possible, *Gravely v. Bacon*, 263 Ga. 203, 206 (429 SE2d 663) (1993), see *Belk v. Westbrooks*, 266 Ga. 628, 629 (469 SE2d 149) (1996) (law enacted by the General Assembly is presumed to be constitutional), and to construe a statute in connection, not only with the common law and the Constitution, but also with reference to other statutes and decisions of the courts. *Peachtree-Cain Co. v. McBee*, 254 Ga. 91, 93 (327 SE2d 188) (1985). We are also guided by the decisions of this Court holding that a delegation of legislative authority passes constitutional muster when the purpose and policy of the legislation are clearly provided, although the method, details, making of subordinate rules, and the determination of facts to which the policy is to apply are deferred to another. *City of Calhoun v. North Ga. Electric Membership Corp.*, 233 Ga. 759, 768-769, (5) (b) (213 SE2d 596) (1975); see also *Touby v. United States*, 500 U. S. 160, 165 (111 SC 1752, 114 LE2d 219) (1991) (legislation need delineate only an intelligible principle to which the agency or delegatee is to conform).

Through the enactment of OCGA § 22-3-20, the General Assembly transferred certain of its powers of eminent domain to persons

constructing or operating electric generating plants.[1] By its language, OCGA § 22-3-20 specifically restricts the power to condemn to property rights to be used "to run power lines, maintain dams, flow backwater, or carry on other activities necessary for constructing and operating [a plant for generating electricity]." The rights conferred by OCGA § 22-3-20 are further restricted by the decisions of this Court holding that a "party having the right to condemn private property can only take such property as is useful, needful, and necessary for public purposes. [Cits.]" *Piedmont Cotton Mills v. Ga. R. &c. Co.*, 131 Ga. 129, 136 (62 SE 52) (1908). See also *Nolan v. Central Ga. Power Co.*, 134 Ga. 201, 208 (67 SE 656) (1910); *Jones v. North Ga. Electric Co.*, 125 Ga. 618, 624-625 (54 SE 85) (1906). Although courts have found it difficult to provide a uniform definition of "public use" or "public purpose," there can be no question that the provision of electrical power for distribution and sale to the general public is a public enterprise and the property used for such purposes is devoted to a public use. See *Jones*, supra at 625; *Nolan*, supra at 208-209.

With regard to the determination of whether property is "necessary," much discretion is vested in the condemnor to determine the necessity for the taking and to select the particular property to be condemned. *Sweat v. Ga. Power Co.*, 235 Ga. 281, 284 (3) (219 SE2d 384) (1975). The condemnor's discretion is not unfettered, however, in that it must act in good faith and within the powers conferred upon it by law. Id.; *Miles v. Brown*, 223 Ga. 557, 559 (156 SE2d 898) (1967). In attempting to define "necessary" for condemnation purposes, this Court has held:

> The [condemnor] has the authority in the first instance to judge of the matter as to how much land should be taken, but if it should appear that the land sought to be condemned is more than is necessary for public purposes, then the amount should be reduced by the courts to such amount as is necessary for public purposes. We do not mean to say that the [condemnor] is limited to the amount that is absolutely necessary, but it is limited to the amount that is reasonably necessary under all the facts and circumstances regarding the particular matter under consideration. The word "necessary" is not meant to be used in the sense of "indispensable."

*Piedmont Cotton Mills*, supra at 136. Neither the Georgia Constitution nor the decisions of this Court require the General Assembly to recite the nature of all property deemed necessary or the specific cir-

---

[1] OCGA § 22-1-4 authorizes the General Assembly to exercise its right of eminent domain "through the medium of corporate bodies, or by means of individual enterprise."

cumstances under which such property may be condemned. Such details depend on the facts of each case and constitutionally may be deferred to others. See *City of Calhoun*, supra at 768-769 (5) (b).

Giving OCGA § 22-3-20 a reasonable construction to carry out its intent and purpose, we find it delegates only that authority to condemn property reasonably necessary to establish and operate an electric generating plant and only that property necessary, as described in the decisions of the courts of this State, for such public purpose. Accordingly, we affirm the judgment of the trial court upholding the constitutionality of OCGA § 22-3-20.

*Judgment affirmed. All the Justices concur.*

DECIDED FEBRUARY 17, 1997 —
RECONSIDERATION DENIED MARCH 13, 1997.

*Banks & Stubbs, Rafe Banks III, Baylor B. Banks,* for appellant.
*Smith, Gilliam & Williams, John H. Smith, M. Tyler Smith, Scott A. Ball, Troutman Sanders, Donald W. Janney, Fred D. Bentley, Sr.,* for appellee.
*Veronica S. Jones,* amicus curiae.